UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANNA KALOUJSKIKH, | : <br> : Case No._____ <br> : |
| Plaintiff, | : |
| v. | : **COMPLAINT FOR VIOLATIONS OF** <br> : **THE FEDERAL SECURITIES LAWS** <br> : |
| TRANSLATE BIO, INC., OWEN HUGHES, RONALD C. RENAUD, JR., JEAN-FRANÇOIS FORMELA, ROBERT J. MEYER, ROBERT M. PLENGE, DANIELLA BECKMAN, and GEORGE DEMETRI, | : JURY TRIAL DEMANDED <br> : |
| Defendants. | : |

---

Plaintiff Anna Kaloujskikh ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Translate Bio, Inc. ("Translate Bio" or the "Company") and the members of Translate Bio's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), arising out of their agreement to be acquired by Sanofi S.A. ("Sanofi"), through Aventis Inc.

("Aventis") and Vector Merger Sub, Inc. ("Purchaser") (the "Proposed Transaction") via a tender offer (the "Offer").

2. On August 3, 2021, Translate Bio and Sanofi entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which, each Translate Bio shareholder will receive $38.00 in cash for each share of Translate Bio common stock they own. The Offer is scheduled to expire at one minute following 11:59 p.m., Eastern Time, on September 13, 2021.

3. On August 16, 2021, Translate Bio filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC which omits or misrepresents material information concerning the Proposed Transaction. The failure to adequately disclose such material information renders the Recommendation Statement false and misleading.

4. It is imperative that the material information that has been omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the expiration of the Offer. To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Offer unless and until the material information discussed below is disclosed to Translate Bio's stockholders.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an

individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. Translate Bio's common stock trades on the Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

## PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Translate Bio.

9. Defendant Translate Bio is a Delaware corporation, with its principal executive offices located at 29 Hartwell Avenue, Lexington, Massachusetts, 02421. Translate Bio's common stock is traded on the Nasdaq Global Select Market under the ticker symbol "TBIO."

10. Defendant Owen Hughes is, and has been at all relevant times, a director of the Company.

11. Defendant Ronald C. Renaud, Jr. is, and has been at all relevant times, Chief Executive Officer and a director of the Company.

12. Defendant Jean-François Formela is, and has been at all relevant times, a director of the Company.

13. Defendant Robert J. Meyer is, and has been at all relevant times, a director of the Company.

14. Defendant Robert M. Plenge is, and has been at all relevant times, a director of the Company.

15. Defendant Daniella Beckman is, and has been at all relevant times, a director of the Company.

16. Defendant George Demetri is, and has been at all relevant times, a director of the Company.

17. Defendants identified in paragraphs 10 to 16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Company Background

18. Translate Bio is a clinical-stage messenger RNA ("mRNA") therapeutics company that develops medicines to treat diseases caused by protein or gene dysfunction. The Company is developing MRT5005, which is in Phase I/II clinical trial for the treatment of cystic fibrosis. It is also developing MRT5500 for the treatment of SARS-CoV-2. Translate Bio was formerly known as RaNA Therapeutics, Inc. and changed its name to Translate Bio, Inc. in June 2017. The Company has a collaboration and license agreement with Sanofi Pasteur Inc.

### The Proposed Transaction

19. On August 3, 2021, Translate Bio and Sanofi issued a joint press release announcing the Proposed Transaction stating, in pertinent part:

> PARIS and LEXINGTON, Mass., Aug. 03, 2021 -- As part of Sanofi's endeavor to accelerate the application of messenger RNA (mRNA) to develop therapeutics and vaccines, the company has entered into a definitive agreement with Translate Bio (NASDAQ: TBIO), a clinical-stage mRNA therapeutics company, under which Sanofi will acquire all outstanding shares of Translate Bio for $38.00 per share in cash, which represents a total equity value of approximately $3.2 billion (on a fully diluted basis). The Sanofi and Translate Bio Boards of Directors unanimously approved the transaction.
>
> "Translate Bio adds an mRNA technology platform and strong capabilities to our research, further advancing our ability to explore the promise of this technology to develop both best-in-class vaccines and therapeutics," said Paul Hudson, Sanofi Chief Executive Officer. "A fully owned platform allows us to develop additional

opportunities in the fast-evolving mRNA space. We will also be able to accelerate our existing partnered programs already under development. Our goal is to unlock the potential of mRNA in other strategic areas such as immunology, oncology, and rare diseases in addition to vaccines."

"Sanofi and Translate Bio have a shared commitment to innovation in the mRNA space. With Sanofi's long-standing expertise in developing and commercializing vaccines and other innovative medicines on a global scale, Translate Bio's mRNA technology is now even better positioned to reach more people, faster," said Ronald Renaud, Chief Executive Officer, Translate Bio. "The talented and dedicated Translate Bio team has built the foundation of a strong mRNA platform. Our expertise coupled with that of Sanofi has driven significant progress under the collaboration thus far, and we believe that this acquisition will strengthen the team's ability to achieve the full potential of the mRNA technology."

In June 2018, Sanofi and Translate Bio entered into a collaboration and exclusive license agreement to develop mRNA vaccines which was further expanded in 2020 to broadly address current and future infectious diseases. There are two ongoing mRNA vaccine clinical trials under the collaboration, the COVID-19 vaccine Phase 1/2 study with results expected in Q3 2021 and the mRNA seasonal influenza vaccine Phase 1 trial with results due in Q4 2021. The acquisition builds on Sanofi's establishment of a first-of-its kind vaccines mRNA Center of Excellence.

On the therapeutic side, Translate Bio has an early-stage pipeline in cystic fibrosis and other rare pulmonary diseases. In addition, discovery work is ongoing in diseases that affect the liver, and Translate Bio's MRT™ platform may be applied to various classes of treatments, such as therapeutic antibodies or vaccines in areas such as oncology. Sanofi's recent acquisition of Tidal Therapeutics expanded the company's mRNA research capabilities in both immuno-oncology and inflammatory diseases. The Translate Bio acquisition further accelerates Sanofi's efforts to develop transformative medicines using mRNA technology.

**Transaction Terms**

Under the terms of the merger agreement, Sanofi will commence a cash tender offer to acquire all outstanding shares of Translate Bio common stock for $38.00 per share in cash reflecting a total equity value of Translate Bio of approximately $3.2 billion. The purchase price represents a premium of 56% to Translate Bio's volume-weighted average price per share over the past 60 days.

To demonstrate their commitment to the transaction, the chief executive officer of Translate Bio and Translate Bio's largest shareholder, The Baupost Group, L.L.C., have signed binding commitments to support the tender offer. These binding commitments, combined with the Translate Bio shares already owned by Sanofi or its affiliates, represent a total of approximately 30% of Translate Bio's total shares outstanding.

5

The consummation of the tender offer is subject to customary closing conditions, including the tender of a number of shares of Translate Bio common stock that together with shares already owned by Sanofi or its affiliates represents at least a majority of the outstanding shares of Translate Bio common stock, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and other customary conditions. Following the successful completion of the tender offer, a wholly owned subsidiary of Sanofi will merge with Translate Bio and the outstanding Translate Bio shares not already owned by Sanofi or its affiliates that are not tendered in the tender offer will be converted into the right to receive the same $38.00 per share in cash paid in the tender offer. The tender offer is expected to commence later this month. Sanofi plans to fund the transaction with available cash resources. Subject to the satisfaction or waiver of customary closing conditions, Sanofi expects to complete the acquisition in the third quarter of 2021.

**The Recommendation Statement Materially Misleads Translate Bio Stockholders By Omitting Material Information**

28. On August 6, 2021, defendants filed the materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Translate Bio's stockholders. Designed to convince the Company's stockholders to tender their shares in the Offer, the Recommendation Statement is rendered misleading by the omission of critical information.

29. *First*, the Recommendation Statement omits material information regarding Translate Bio's financial projections.

30. The Recommendation Statement fails to disclose a quantification of Translate Bio management's "internal assumptions" underlying the risk-adjusted projections (*see* Recommendation Statement at 26), as well as the non-risk-adjusted projections.

31. In addition, the Recommendation Statement fails to disclose the segment-level projections for each of the Company's product candidates, including MRT5005 and MRT5500.

32. *Second,* the Recommendation Statement omits material information regarding the financial analyses performed by the Company's financial advisor, Centerview Partners LLC ("Centerview").

33. With respect to Centerview's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) the Company's implied terminal value; (ii) Centerview's basis for assuming a rate of free cash flow decline of 20% year over year after December 31, 2049; (iii) the inputs and assumptions underlying the discount rate range of 11.0% to 13.0%; and (iv) Translate Bios fully-diluted outstanding shares.

34. With respect to Centerview's *Analyst Price Target Analysis*, the Recommendation Statement fails to disclose the price targets observed and the sources thereof.

35. With respect to Centerview's *Premia Paid Analysis*, the Recommendation Statement fails to disclose the individual premiums paid in each of the transactions observed by Centerview.

36. In sum, the omission of the above-referenced information renders the Recommendation Statement materially incomplete and misleading, in contravention of the Exchange Act. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations
of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

20. Plaintiff repeats all previous allegations as if set forth in full.

21. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Translate Bio stockholders to tender their shares in the Offer.

22. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

23. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

24. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

25. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Translate Bio, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

26. Plaintiff repeats all previous allegations as if set forth in full.

27. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances

under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Offer.

28. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender her shares pursuant to the Offer or seek appraisal.

29. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act

30. Plaintiff repeats all previous allegations as if set forth in full.

31. The Individual Defendants acted as controlling persons of Translate Bio within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers or directors of Translate Bio and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

32. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

33. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

34. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

35. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

36. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Translate Bio, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to disseminate a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 7, 2021

**OF COUNSEL:**

**FEDERMAN & SHERWOOD**
William B. Federman
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Tel: (405) 235-1560
Fax: (405) 239-2112
-and-
212 W. Spring Valley Road
Richardson, Texas 75081

*Attorneys for Plaintiff*

/s/ *Richard A. Acocelli*
**WEISSLAW LLP**
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, New York 10036
Tel: (212) 682-3025
Fax: (212) 682-3010

*Attorneys for Plaintiff*